Karen Osborne, WSBA No. 51433
Email: karen@smfjb.org
KOSBORNE LAW, LLC
9721 NE Livingston Mountain Court
Camas, WA 98607
Telephone: (360) 975-3813

Simon Peter Serrano, WSBA No. 54769
Email: pete@silentmajorityfoundation.org
SILENT MAJORITY FOUNDATION
5238 Outlet Dr.
Pasco, WA 99301
Telephone: (530) 906-9666

Michael A. Yoder* (VSB: 93863)
Email: michael@yoderesq.com
LAW OFFICE OF MICHAEL A. YODER, PLLC
2300 Wilson Blvd., Suite 700
Arlington, VA 22201
Telephone: (571) 234-5594
*Motion for admission *pro hac vice* forthcoming

*Counsel for Plaintiff Justin Jobes*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JUSTIN JOBES, | |
| *Plaintiff*, | |
| v. | Civil Case No.: _____ |
| CITY OF BELLEVUE, | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

# COMPLAINT

Plaintiff Justin Jobes files this action for damages against Defendant the City of Bellevue (the "City" or "Defendant") for discriminating on the basis of religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. ("Title VII") and the Revised Code of Washington ("RCW") § 49.60, *et seq*, and in further support thereof, alleges as follows:

# PRELIMINARY STATEMENT

"Violate your sincerely held religious beliefs or you lose your job." There is perhaps no greater textbook example of the conduct expressly prohibited by Title VII–but Mr. Jobes, this example has regrettably become his reality. After dutifully fulfilling all obligations of his employment with the City of Bellevue for more than seven (7) years, the City terminated Mr. Jobes because of his sincerely held religious beliefs.

For 35 consecutive weeks—the deadliest weeks of the COVID-19 pandemic—The City permitted its employees to forego vaccination despite its availability since December 2020. Then in August 2021, the City abruptly took an about-face and immediately began requiring strict compliance with its newly adopted mandatory COVID-19 vaccination policy (the "policy"). In promulgating this policy, the City informed its employees that religious accommodations were available for those who sincerely hold religious beliefs that prohibit their compliance with the policy. But in reality, this promise was nothing more than an illusory, veiled guise to make it appear as though the City was abiding with state and federal law compelling employers to accommodate religious employees. Despite requesting a religious accommodation, the City refused to accommodate Mr. Jobes and subsequently terminated his employment. In addition to the aforesaid religious discrimination gives rise to this action alone, Mr. Jobes' decision to terminate his employment in violation of Title VII.

//

//

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 2000e-2 and therefore, jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District and the City maintains its headquarters and is a municipal governmental entity within this district.

3. In early March 2023, Plaintiff placed the City on notice regarding his tort claims pursuant to RCW § 4.16, RCW § 4.96.020, and Bellevue City Code § 4.36 via its online portal. The City confirmed receipt of Plaintiff's tort claim notice on March 15, 2023. Plaintiff also placed the City on notice of his Title VII claims as required by law.

4. This Court is authorized to grant Mr. Jobes' prayer for relief regarding costs, including a reasonable attorney's fee, pursuant to 42 U.S.C. § 1988.

## PARTIES

5. Plaintiff Justin Jobes ("Mr. Jobes") is an adult resident of Whatcom County, Washington and a former City employee. At all times relevant, Mr. Jobes was employed as a firefighter engineer with the City of Bellevue Fire Department until he was discriminated against, retaliated against, and otherwise subjected to adverse employment action beginning as early as October 18, 2021—all of which the City perpetrated against Mr. Jobes because of his religion and sincerely held religious beliefs.

6. Defendant City of Bellevue (the "City" or "Defendant") is a municipal corporation responsible for the supervision and operation of its subordinate departments and offices, including *inter alia* the City of Bellevue's Fire Department. The City maintains its headquarters at 450 110th Avenue NE, Bellevue, WA 98004.

7. At all times relevant, the City is an employer within the meaning of 42 U.S.C. § 12111(5), in that the City engaged in an industry affecting commerce and has more than 25 employees for each working day in each of 20 or more calendar weeks in the current

and preceding years. As an employer, the City is subject to Title VII, which among other things, requires the City to reasonably accommodate its employees' (such as Mr. Jobes) sincerely held religious beliefs.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Mr. Jobes timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") concerning claims on the basis of his religion and retaliation. His Charge was timely in that it was filed less than 180 days after the last date of discrimination took place.

9. On March 7, 2023, the EEOC issued Plaintiff a Notice of Right to Sue Letter in regard to Plaintiff's first EEOC Complaint. Plaintiff received the notice that same day. *See* Exhibit 1, Notice of Right to Sue Letter.

10. Plaintiff has exhausted all administrative remedies and complied with all conditions precedent in maintaining this action, in that Plaintiff filed his formal complaint with the EEOC within 180 days of the last date of discrimination and he hereby initiates this action on June 5, 2023, which is within ninety (90) days of March 7, 2023, when Plaintiff received his Notice of Right to Sue Letter. *See id.*

## STATEMENT OF FACTS

11. On or about August 9, 2021, Governor Inslee issued proclamation 21-14[1], which *inter alia* prohibited any "Health Care Provider" from failing to be fully vaccinated against COVID-19 after October 18, 2021.

12. On or about September 30, 2021, Mr. Jobes submitted a request for a religious accommodation shortly thereafter.

13. In his request, he explained to the City that he sincerely believes he cannot inject unknown vaccines into his body and highlighted the fact that the ingredients and chemicals contained in the COVID-19 vaccines were unknown, the effects of the vaccines were unknown, and these variables without more information, precluded his from blindly

---

[1] Proclamation 21-14 was subsequently amended by proclamation 21-14.1 on August 20, 2021.

injecting a substance into his body. Mr. Jobes sincerely believes that his body is not to be altered in any way other than through means by which God created or through scientifically proven, safe, and effective manmade and necessary medical intervention. To consume or knowingly inject anything else into his body would constitute a sin and prevent his ability from one day, going to Heaven and sharing that Place with God.

14. From the date he submitted his religious accommodation request through October 18, 2021, Mr. Jobes did not receive any information or response from the City concerning his religious accommodation request.

15. On October 18, 2021—one day after the deadline the City imposed upon Mr. Jobes to become vaccinated— the City's Human Resources ("HR") personnel met with Mr. Jobes and advised him that his accommodation request was denied because he would not be able to perform his essential job functions, and this placed an undue hardship to the company. But this is false.

16. The City terminated Mr. Jobes' employment because he is religious and because Mr. Jobes adhered to his sincerely held religious beliefs.

17. At all times relevant, Mr. Jobes satisfied or exceeded his employer's reasonable expectations as to job performance with or without a reasonable accommodation. Mr. Jobes demonstrated his ability to perform the essential functions and duties of his job as evidenced by factors including without limitation, his education, experience, work history, and performance reviews.

18. Perhaps most compelling is the fact that the City permitted Mr. Jobes to work in the exact same capacity for months, including months during the height of the pandemic, and never once mandated that he be vaccinated against COVID-19.

19. At all times relevant, Mr. Jobes complied with all COVID-19 mitigation protocols the City implemented, including inter alia wearing masks, socially distancing, and testing for COVID-19 on a weekly basis (collectively, "mitigation protocols").

20. The mitigation protocols, both individually and collectively, have evidenced-based track records demonstrating their effectiveness and the feasibility with which the City is able to implement and provide any or all of the mitigation protocols.

21. Based upon the City's provision of the aforesaid mitigation protocols and the continuation of such provision of the same for more than eight months, it is not subject to reasonable dispute that the aforesaid mitigation protocols do not impose upon the City an undue hardship.

22. Mr. Jobes has always been amenable, and Mr. Jobes remains amenable, to abiding by the aforesaid mitigation protocols, and the City was aware of his amenability to the same at all times relevant.

23. The reasonable religious accommodation Mr. Jobes sought would not impose an undue hardship upon the City and does not impose an undue hardship upon the City.

24. Mr. Jobes sincerely holds religious beliefs, as explained more fully above.

25. There is no dispute that the City and Mr. Jobes are in agreement that the religious beliefs he asserted are in fact, religious.

26. Mr. Jobes' religious beliefs are sincerely held.

27. There is no dispute that the City and Mr. Jobes are in agreement that his religious beliefs are in fact, sincerely held. The City has never challenged the sincerity with which Mr. Jobes holds their beliefs.

28. Ignoring and otherwise failing to respond to Mr. Jobes' request for a religious accommodation, treating Mr. Jobes differently, and/or taking adverse employment action against Mr. Jobes upon learning that he is a religious person constitutes religious-based discrimination in violation of Title VII. See 42 U.S.C. § 2000e, *et seq*.

29. Refusing to provide Mr. Jobes with a reasonable religious accommodation that does not impose an undue hardship despite Mr. Jobes' lawful entitlement to such an accommodation violates Title VII. See 42 U.S.C. § 2000e, *et seq*.

30. As a religious person, Mr. Jobes is a member of a constitutionally protected class (religion), and the protected class on the basis of religion is entitled to equal protection of law as other protected classes of persons, including those who are disabled.

31. Ignoring and otherwise failing to review or consider Mr. Jobes' request for a religious accommodation, as well as the refusal to reasonably accommodate Mr. Jobes' sincerely held religious beliefs while not ignoring and actually reviewing other City employees' requests for religious accommodations constitutes disparate treatment in violation of Title VII. See 42 U.S.C. § 2000e, *et seq*.

32. Refusing to provide Mr. Jobes with an accommodation on the basis of his religion, while providing reasonable accommodations to other persons similarly situated on the basis of their religion constitutes disparate treatment in violation of Title VII. See 42 U.S.C. § 2000e, *et seq*.

33. Mr. Jobes' beliefs are religious.

34. Mr. Jobes' religious beliefs are sincerely held.

35. The City can reasonably accommodate Mr. Jobes' religious beliefs through *inter alia* masking, social distancing, and weekly testing.

36. Accommodating Mr. Jobes through inter alia masking, social distancing, and weekly testing does not impose an undue hardship upon the City.

37. Upon learning Mr. Jobes was a religious person, the City terminated his employment.

38. After refusing to accommodate Mr. Jobes' sincerely held religious beliefs, the City terminated his employment.

## COUNT I
### RELIGIOUS DISCRIMINATION
**Violation of Title VII, 42 U.S.C. §§ 2000e, *et seq*.**

39. Mr. Jobes re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Mr. Jobes sincerely holds religious beliefs and is a member of a protected class based on his religion.

41. Mr. Jobes is an employee within the meaning of Title VII.

42. The City is an employer within the meaning of Title VII.

43. Title VII forbids an employer from refusing a job to someone because of his need for religious accommodation, absent proof that granting the accommodation would cause it undue hardship. 42 U.S.C. §§ 2000e(j), 2000e-2(a)(1); *EEOC v. Abercrombie & Fitch Stores, Inc.*, 575 U.S. 768, 774 (2015).

44. This extension of actionable religious discrimination to include a failure to accommodate derives from Title VII's definition of "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

45. More specifically, courts and the EEOC have insisted that federal law can require employers to accommodate sincere religious objections to a loyalty oath—even when that oath might otherwise be required by state law. *See* EEOC Decision No. 85-13, 38 Fair Empl. Prac. Cas. (BNA) 1884 (1985) (concluding that an employer's refusal to accommodate an employee's request to sign an alternate oath for religious reasons violated Title VII).

46. Here, Mr. Jobes advised the City of his sincerely held religious beliefs that he sincerely believes he cannot inject unknown vaccines into his body and highlighted the fact that the ingredients and chemicals contained in the COVID-19 vaccines were unknown, the effects of the vaccines were unknown, and these variables without more information, precluded him from blindly injecting a substance into his body.

47. Mr. Jobes sincerely believes that his body is not to be altered in any way other than through means by which God created or through scientifically proven, safe, and

effective manmade and necessary medical intervention. To consume or knowingly inject anything else into his body would constitute a sin and prevent his ability from one day, going to Heaven and sharing that Place with God.

48. Mr. Jobes informed the City of this conflict and expressly sought an accommodation.

49. In response to Mr. Jobes' request for an accommodation, the City took an adverse action against his by terminating his employment because of his religious need for an accommodation. See 42 U.S.C. § 2000e-2(a)(1) (actionable adverse actions include "fail[ing] or refus[ing] to hire," "discharg[ing]," or otherwise discriminating with respect to the "terms" and "conditions" of employment).

50. The City made no efforts at all to accommodate Mr. Jobes' sincerely held religious objection to its mandatory COVID-19 vaccination policy and terminated his employment because of the aforesaid conflict.

51. The City's failure to produce any alternative therefore requires it to have accepted Mr. Jobes' proposal absent undue hardship.

52. Accommodating Mr. Jobes would not have imposed an undue hardship on the City, as evidenced by the utilization of the COVID-19 mitigation protocols as discussed above.

53. Other medical facilities and health systems have not insisted on mandatory vaccination without allowing accommodations for objectors.

54. As a direct and proximate result of the aforesaid complained of conduct and violation of Title VII, Mr. Jobes sustained pecuniary and non-economic injuries in an amount that exceeds $75,000.00, including lost wages, benefits, retirement funds, the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, attorneys' fees, and costs associated with this action.

### COUNT II
**R**ELIGIOUS **D**ISCRIMINATION
**Violation of RCW § 49.60**

55. Mr. Jobes re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Washington State Law prohibits employers from discriminating on the basis of inter alia religion. *See* RCW § 49.60; *see Ockletree v. Franciscan Health System*, 179 Wn.2d. 769 (2014) (holding religious discrimination falls under RCW § 49.60); *see also Kumar v. Gate Gourmet, Inc.*, 180 Wn.2d 481 (2014) (holding that the Washington Law Against Discrimination requires employers to reasonably accommodate their employees' religious practices).

57. The City had actual knowledge of Mr. Jobes' sincerely held religious beliefs based on the correspondences exchanged concerning his "Not Vaccinated" status and his communications concerning reasonable accommodations for their sincerely held religious beliefs.

58. Mr. Jobes experienced adverse employment action and a materially adverse change in the terms and conditions of his employment – namely, the termination of his employment – because of his sincerely held religious beliefs.

59. At all times relevant, Mr. Jobes was qualified, is qualified, and remains qualified to perform the essential functions of his job, unvaccinated.

60. At all times relevant, Mr. Jobes was qualified, is qualified, and remains qualified to perform the essential functions of his job with a reasonable accommodation.

61. Because of Mr. Jobes' sincerely held religious beliefs, the City took adverse employment action against his by *inter alia* refusing to accommodate him and terminating his employment.

62. Providing a reasonable religious accommodation to Mr. Jobes would not cause the City to suffer an undue hardship as evidenced by the City's previous provision of mitigation protocols in lieu of vaccination and the efficacy of such mitigation protocols to achieve the ends sought to be achieved by the City's mandatory vaccination policy.

63. All allegations set forth herein constitute a discrimination on the basis of religion.

64. All allegations set forth herein constitute a failure to accommodate on the basis of religion.

65. All allegations set forth herein constitute a violation of Washington's prohibition of religious discrimination.

66. As a direct and proximate result of the aforesaid complained of conduct and violation of Washington State law, Mr. Jobes sustained pecuniary and non-economic injuries in an amount that exceeds $75,000.00, including lost wages, benefits, retirement funds, the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, attorneys' fees, and costs associated with this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Jobes respectfully prays that this Honorable Court enter judgment in his favor, award such relief as to make Mr. Jobes whole and remedy the aforesaid violations of Washington and federal law, and hold the City of Bellevue liable and in doing so, award all legal and equitable relief provided by law, including but not limited to:

A. Issue a declaratory judgment that the practices complained of in this Complaint are unlawful and violate Title VII of the Civil Rights Act and Washington State Law;

B. Enjoin the City from pursuing its policy of making no religious accommodations to its oath requirement for its employees;

C. Require the City to adopt hiring and employment policies that comply with Title VII and Washington State Law, including their requirement that employers make reasonable accommodations to religious beliefs and practices in general and faith-based objections to loyalty oaths in particular and any

        other appropriate and legally permissible injunctive relief in accordance with proof;

D.    Award Mr. Jobes all appropriate and legally available monetary relief, including lost compensation and benefits, in an amount to be determined at trial to make him whole for the loss he suffered as a result of the unlawful conduct alleged in this Complaint;

E.    Award Mr. Jobes any interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest;

F.    Award compensatory damages to Mr. Jobes to fully compensate him for the pain, suffering, childcare, and other expenses caused by the harmful conduct alleged in this Complaint;

G.    Award Mr. Jobes a reasonable amount of attorney's fees for the work of her attorneys in pursuit of this action and the protection of his rights;

H.    Award Mr. Jobes all costs, disbursements, and expenses he paid or that were incurred on his behalf;

I.    Award such additional relief the Court deems just and proper; and

J.    Award any other relief as allowed by law.

## DEMAND FOR JURY TRIAL

Mr. Jobes hereby demands a trial by jury of all issues and each and every cause of action so triable.

Dated: June 5, 2023

                Respectfully submitted,
                JUSTIN JOBES

        By:  /s/ *Karen L. Osborne*
                Karen L. Osborne, WSBA No. 51433

|   |   |   |
|---|---|---|
| | | KOsborne Law, LLC |
| | | 9721 NE Livingston Mountain Court |
| | | Camas, WA 98607 |
| | | Tel: (360) 975-3813 |
| | | karen@smfjb.org |
| | By: | /s/ *Simon Peter Serrano* |
| | | Simon Peter Serrano, WSBA No. 54769 |
| | | Silent Majority Foundation |
| | | 5238 Outlet Dr. |
| | | Pasco, WA 99301 |
| | | Tel: (530) 906-9666 |
| | | pete@silentmajorityfoundation.org |
| | By: | /s/ *Michael A. Yoder* |
| | | Michael A. Yoder* |
| | | THE LAW OFFICE OF MICHAEL A. YODER, PLLC |
| | | 2300 Wilson Blvd., Suite 700 |
| | | Arlington, VA 2201 |
| | | Tel: (571) 234-5594 |
| | | michael@yoderesq.com |
| | | **pro hac vice* forthcoming |

*Counsel for Plaintiff*