The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUSTIN JOBES,

        Plaintiff,

v.

CITY OF BELLEVUE,

        Defendant.

No. 2:23-cv-00839 TSZ

**ANSWER**

Defendant City of Bellevue ("City") answers Plaintiff Justin Jobe's ("Plaintiff") Complaint as follows:

## I. COMPLAINT

Plaintiff's initial paragraph of the Complaint sets forth Plaintiff's legal theories and asserts legal conclusions to which no response is required. To the extent the Court deems a response is required, the City denies the same.

## II. PRELIMINARY STATEMENT

Plaintiff's preliminary statement of the Complaint sets forth Plaintiff's theory of the case to which no response is required. To the extent the Court deems a response is required, the City answers that it followed the Governor's Proclamations on COVID-19 and it provided

ANSWER
No. 2:23-cv-00839 TSZ – Page 1

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

employees with religious accommodations consistent with the law. The City denies the remaining allegations as set forth in the preliminary statement.

### III. JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint asserts a legal conclusion to which no response is required. To the extent the Court deems a response is required, the City is unaware of any facts at this time to challenge the Court's jurisdiction over this matter.

2. Paragraph 2 of the Complaint asserts a legal conclusion to which no response is required. To the extent the Court deems a response is required, the City is unaware of any facts at this time to challenge that venue is appropriate in this matter.

3. Answering Paragraph 3 of the Complaint, the City admits that Plaintiff filed a Claim for Damages on or about March 8, 2023 and that it was received by the City Clerk's Office on or about March 14, 2023. The remaining allegations of Paragraph 3 of the Complaint assert a legal conclusion to which no response is required.

4. Paragraph 4 of the Complaint asserts a legal conclusion to which no response is required.

### IV. PARTIES

5. Answering Paragraph 5 of the Complaint, the City answers that, upon information and belief, the City admits that Plaintiff is a resident of Whatcom County. The City further admits that Plaintiff was a former City employee. The City denies the remaining allegations of Paragraph 5 of the Complaint.

6. Admit.

7. Paragraph 7 of the Complaint asserts legal conclusions to which no response is required.

### V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Paragraph 8 of the Complaint asserts legal conclusions to which no response is required.

ANSWER
No. 2:23-cv-00839 TSZ – Page 2

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

9. Answering Paragraph 9 of the Complaint, the City admits that the EEOC issued a Notice of Right to Sue Letter on March 7, 2023. As there is no Exhibit 1 attached, the City cannot confirm or deny that Exhibit 1 is a true and correct copy of the Notice of Right to Sue Letter, and therefore denies the same. The City further answers that it is without sufficient information or knowledge regarding when Plaintiff received any such alleged Notice of Right to Sue Letter and therefore denies the same.

10. Paragraph 10 of the Complaint asserts a legal conclusion to which no response is required.

### VI. STATEMENT OF FACTS

11. Answering Paragraph 11 of the Complaint, the City admits that Governor Inslee issued Proclamation 21-14 (the "Proclamation") on August 9, 2021 and that the Proclamation speaks for itself. To the extent that Paragraph 11 of the Complaint is inconsistent with the Proclamation, the City denies the same.

12. Answering Paragraph 12 of the Complaint, the City admits that Plaintiff submitted a request for a religious accommodation on September 30, 2021.

13. Answering Paragraph 13 of the Compliant, the City asserts that Plaintiff's request for a religious accommodation to the City speaks for itself. To the extent Paragraph 13 of the Complaint is inconsistent with Plaintiff's request, the City denies the same. The City is without sufficient information and/or knowledge to admit or deny Plaintiff's beliefs and therefore denies the same.

14. Deny.

15. Answering Paragraph 15 of the Complaint, the City admits that it determined Plaintiff could not perform the essential functions of his job without being vaccinated because one of the essential functions was performing direct patient care. The City further admits that it offered Plaintiff multiple positions as an accommodation that would not require contact

ANSWER
No. 2:23-cv-00839 TSZ – Page 3

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

with patients, which Plaintiff refused. The City denies the remaining allegations of Paragraph 14.

16. Deny.

17. Deny.

18. Answering Paragraph 18 of the Complaint, the City admits that it followed the Proclamation. The City denies the remaining allegations of Paragraph 18 of the Complaint.

19. Deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Answering Paragraph 24 of the Complaint, the City is without sufficient information and/or knowledge to admit or deny Plaintiff's beliefs and therefore denies the same.

25. Answering Paragraph 25 of the Complaint, the City admits that it acknowledged Plaintiff's request for a religious accommodation.

26. Answering Paragraph 26 of the Complaint, the City is without sufficient information and/or knowledge to admit or deny Plaintiff's beliefs and therefore denies the same.

27. Answering Paragraph 27 of the Complaint, the City admits that it acknowledged Plaintiff's request for a religious accommodation and that it did not challenge the sincerity of requested religious accommodation.

28. Deny.

29. Deny.

30. Paragraph 30 of the Complaint asserts a legal conclusion to which no response is required.

ANSWER
No. 2:23-cv-00839 TSZ – Page 4

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

31. Deny.

32. Deny.

33. Answering Paragraph 33 of the Complaint, the City is without sufficient information and/or knowledge to admit or deny Plaintiff's beliefs and therefore denies the same.

34. Answering Paragraph 34 of the Complaint, the City is without sufficient information and/or knowledge to admit or deny Plaintiff's beliefs and therefore denies the same.

35. Following termination of COVID-19 proclamations and orders, the City admits that it allows firefighters to be unvaccinated for COVID-19. The remaining allegations of Paragraph 35 of the Complaint assert a legal conclusion to which no answer is required.

36. Following termination of COVID-19 proclamations and orders, the City admits that it allows firefighters to be unvaccinated for COVID-19. The remaining allegations of Paragraph 36 of the Complaint assert a legal conclusion to which no answer is required.

37. Deny.

38. Deny.

### VII.   CAUSES OF ACTION

**Count 1 – Religious Discrimination**
**Violation of Title VII, 42 U.S.C. §§ 2000e,** *et seq.*

39. The City incorporates by reference its answers to Paragraphs 1 – 38 above.

40. Paragraph 40 of the Complaint asserts a legal conclusion to which no answer is required.

41. Paragraph 41 of the Complaint asserts a legal conclusion to which no answer is required.

42. Paragraph 42 of the Complaint asserts a legal conclusion to which no answer is required.

ANSWER
No. 2:23-cv-00839 TSZ – Page 5

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

43. Answering Paragraph 43 of the Complaint, the City asserts that Title VII speaks for itself. To the extent that Paragraph 43 of the Complaint is inconsistent with Title VII and/or case law, the City denies the same.

44. Answering Paragraph 44 of the Complaint, the City asserts that Title VII speaks for itself. To the extent that Paragraph 44 of the Complaint is inconsistent with Title VII and/or case law, the City denies the same.

45. Answering Paragraph 45 of the Complaint, the City asserts that Title VII speaks for itself. To the extent that Paragraph 45 of the Complaint is inconsistent with Title VII and/or case law, the City denies the same.

46. Answering Paragraph 46 of the Complaint, the City asserts that Plaintiff's request for a religious accommodation to the City speaks for itself. To the extent Paragraph 46 of the Complaint is inconsistent with Plaintiff's request, the City denies the same.

47. Answering Paragraph 47 of the Complaint, the City is without sufficient information and/or knowledge to admit or deny Plaintiff's beliefs and therefore denies the same.

48. Answering Paragraph 48 of the Complaint, the City admits that Plaintiff made a request for a religious accommodation and that the request speaks for itself. To the extent that Paragraph 48 of the Complaint is inconsistent with Plaintiff's request, the City denies the same.

49. Deny.

50. Deny.

51. Deny.

52. Deny.

53. Answering Paragraph 53 of the Complaint, the City is without sufficient information and/or knowledge regarding the allegations and therefore denies the same.

54. Deny.

ANSWER
No. 2:23-cv-00839 TSZ – Page 6

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

**Count 2 – Religious Discrimination**
**Violation of RCW § 49.60**

55. The City incorporates by reference its answers to Paragraphs 1 – 54 above.

56. Answering Paragraph 56 of the Complaint, the City asserts that RCW 49.60 speaks for itself. To the extent that Paragraph 56 of the Complaint is inconsistent with RCW 49.60 and/or case law, the City denies the same.

57. Answering Paragraph 57 of the Complaint, the City admits that Plaintiff made a request for a religious accommodation and that the request speaks for itself. To the extent that Paragraph 57 of the Complaint is inconsistent with Plaintiff's request, the City denies the same.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

63. Deny.

64. Deny.

65. Deny.

66. Deny.

## VIII. PRAYER FOR RELIEF

Paragraphs A-J assert Plaintiff's request for relief to which no answer is required. To the extent an answer is required, the City denies Plaintiff is entitled to any remedy or relief.

## IX. DEFENSES AND AFFIRMATIVE DEFENSE

Having answered Plaintiff's Complaint, the City asserts the following defenses and affirmative defenses listed below. By setting forth such defenses, the City does not admit that it has the burden of proof as to any such defense.

ANSWER
No. 2:23-cv-00839 TSZ – Page 7

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

A. Plaintiff has failed to state a claim upon which relief may be granted.

B. Plaintiff's claims for damages may be barred, in whole or in part, by after-acquired evidence.

C. Plaintiff's claims may be barred by the doctrines of estoppel, waiver, laches, ratification and/or acquiescence, and unclean hands.

D. Plaintiff's claims may be barred by his failure to mitigate his damages, if any.

E. Plaintiff's claims are barred, in whole or in part, because the City at all times maintained policies and practices that prohibited discrimination.

The City reserves the right to amend its Answer to add additional defenses and/or affirmative defenses, if warranted during or upon the conclusion of discovery.

**PRAYER FOR RELIEF**

Having fully answered the Complaint for Damages, the City requests the following relief:

1. Dismissal of this lawsuit with prejudice;

2. Full recovery of its attorneys' fees and costs to the fullest extent permitted by law;

3. Any such further relief as this Court deems just and appropriate.

DATED: August 17, 2023.

**ARETE LAW GROUP PLLC**

By: *Denise L. Ashbaugh*
Denise L. Ashbaugh, WSBA No. 28512
Jonah O. Harrison, WSBA No. 34576
1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3250
Fax:   (206) 428-3251
dashbaugh@aretelaw.com
jharrison@aretelaw.com

*Attorneys for Defendant City of Bellevue*

ANSWER
No. 2:23-cv-00839 TSZ – Page 8

ARÊTE LAW GROUP
1218 THIRD AVE., STE 2100
SEATTLE, WA 98101
O: (206) 428-3250

# CERTIFICATE OF SERVICE

I hereby certify that on this date I caused true and correct copies of the foregoing document to be served upon the following, at the addresses stated below, via the method of service indicated.

**KOSBORNE LAW, LLC**

| | |
|---|---|
| Karen Osborne<br>9721 NE Livingston Mountain Court<br>Camas, WA 98607<br>karen@smfjb.org | ☐ E-mail<br>☒ E-filing |

**SILENT MAJORITY FOUNDATION**

| | |
|---|---|
| Simon Peter Serrano<br>5238 Outlet Drive<br>Pasco, WA 99301<br>pete@silentmajorityfoundation.org | ☐ E-mail<br>☒ E-filing |

**LAW OFFICE OF MICHAEL A. YODER, PLLC**

| | |
|---|---|
| Michael A. Yoder<br>2300 Wilson Boulevard, Suite 700<br>Arlington, VA 22201<br>michael@yoderesq.com | ☐ E-mail<br>☒ E-filing |

*Attorneys for Plaintiff Justin Jobes*

Dated this 17th day of August, 2023 in Seattle, Washington.

/s/ Janet C. Fischer
Janet C. Fischer
Paralegal

